[Docket No. 53]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| RAHUL SHAH, MD, on assignment of Marjorie M., | |
| Plaintiff, | Civil No. 15-8590 (RMB/KMW) |
| v. | OPINION |
| HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, | |
| Defendant. | |

APPEARANCES:

Samuel S. Saltman
Michael Gottlieb
Callagy Law PC
650 From Road
Suite 565
Paramus, NJ 07652
    *Attorneys for Plaintiff*

Michael E. Holzapfel
Becker LLC
Revmont Park North
1151 Broad Street, Suite 112
Shrewsbury, NJ 07702
    *Attorney for Defendant*

**BUMB**, UNITED STATES DISTRICT JUDGE:

   This is one of many ERISA suits in this District wherein Plaintiff Dr. Rahul Shah ("Dr. Shah"), as assignee of his patients, seeks to recover additional health insurance payments he alleges are due under each patient's health insurance plan.

1

Defendant, Horizon Blue Cross Blue Shield of New Jersey ("Horizon"), moves for summary judgment. For the reasons stated herein, the motion will be granted.

I.   **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Dr. Shah performed spinal surgery on his patient, Marjorie M., on June 5, 2013. (Statement of Undisputed Material Facts, "SUMF", ¶ 1) Horizon was Marjorie M.'s health insurer at all relevant times. (SUMF ¶ 2) Dr. Shah was an "out-of-network" provider under the Horizon Plan. (SUMF ¶ 4) Dr. Shah submitted to Horizon $316,643.00 in "charges" for the surgery, but Horizon only paid $8,363.16. (Holzapfel Cert. Ex. G)

Dr. Shah, as Marjorie M.'s assignee, administratively appealed Horizon's payment decision. (SUMF ¶ 16) Horizon denied the appeal, concluding that the claim was processed correctly under the terms of the Plan. (SUMF ¶ 17)

The relevant portions of the Plan provide:

<u>Schedule of Covered Services and Supplies</u>

"Surgical Services; Out-of-Network Inpatient – Subject to Deductible and 60% Coinsurance."

<u>Definitions</u>

"Deductible – The amount of Covered Charges that a Covered Person must pay before this Program provides any benefits for such charges."

"Coinsurance – The percent applied to Covered Charges (not including Deductibles) for certain Covered Services or Supplies in order to calculate benefits under the Program. . . ."

2

> "Covered Charges -- The authorized charges, up to the Allowance, for Covered Services and Supplies. . . ."
>
> "Allowance — . . . an amount determined by Horizon BCBSNJ as the least amount of the following amounts: (a) the actual charge made by the Provider for the service or supply; . . . or (c) in the case of Out-of-Network Providers, the amount determined as 150% of the amount that would be reimbursed for the service or supply under Medicare."

(Holzapfel Cert. Ex. A)

The Court previously granted in part, and denied in part, Horizon's Motion to Dismiss. [See Opinion and Order at Dkt Nos. 35, 36] Thereafter, Dr. Shah moved to amend the complaint. Magistrate Judge Williams denied without prejudice the Motion to Amend, and gave Dr. Shah leave to file a renewed Motion to Amend. [Dkt. No. 47] However, Dr. Shah never filed a renewed motion.

Two counts of the complaint remain at this time: Count Two-- failure to make payments under ERISA Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B); and Count Three-- breach of fiduciary duty under ERISA, 29 U.S.C. §§ 1132(a)(3), 1104(a)(1), 1105(a).

**II.  SUMMARY JUDGMENT STANDARD**

Summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it will "affect the outcome of the suit under the governing law[.]" Anderson v.

3

Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute is "genuine" if it could lead a "reasonable jury [to] return a verdict for the nonmoving party."  Id.

In determining the existence of a genuine dispute of material fact, a court's role is not to weigh the evidence; all reasonable "inferences, doubts, and issues of credibility should be resolved against the moving party."  Meyer v. Riegel Prods. Corps., 720 F.2d 303, 307 n.2 (3d Cir. 1983).  However, a mere "scintilla of evidence," without more, will not give rise to a genuine dispute for trial.  Anderson, 477 U.S. at 252.  Moreover, a court need not adopt the version of facts asserted by the nonmoving party if those facts are "utterly discredited by the record [so] that no reasonable jury" could believe them.  Scott v. Harris, 550 U.S. 372, 380 (2007).  In the face of such evidence, summary judgment is still appropriate "where the record . . . could not lead a rational trier of fact to find for the nonmoving party[.]"  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp. v.

4

Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  Then, "when a properly supported motion for summary judgment [has been] made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'"  Anderson, 477 U.S. at 250 (citing Fed. R. Civ. P. 56(e)).  In the face of a properly supported motion for summary judgment, the nonmovant's burden is rigorous: she "must point to concrete evidence in the record"; mere allegations, conclusions, conjecture, and speculation will not defeat summary judgment.  Orsatti v. New Jersey State Police, 71 F.3d 480, 484 (3d Cir. 1995); accord, Jackson v. Danberg, 594 F.3d 210, 227 (3d Cir. 2010) (citing Acumed LLC v. Advanced Surgical Servs., Inc., 561 F.3d 199, 228 (3d Cir. 2009) ("[S]peculation and conjecture may not defeat summary judgment.")).

**III. ANALYSIS**

As to Count Two (failure to make payments under ERISA), Horizon moves for summary judgment asserting that it paid Dr. Shah in accordance with the terms of the Plan, and therefore there has been no underpayment of benefits.  As to Count Three (breach of fiduciary duty under ERISA), Horizon moves for summary judgment asserting that Dr. Shah seeks no equitable relief, and alternatively, Dr. Shah is not entitled to equitable relief.

In opposition, Dr. Shah makes three arguments: (1) "reimbursement is due at 60% of Plaintiff's charges"; (2) even under Horizon's proposed method of calculating benefits, Plaintiff has been underpaid; and (3) Plaintiff is entitled to "equitable relief in the form of contract reformation." (Opposition Brief, p. 2-3).  All three of Dr. Shah's arguments fail.

**A. Count Two**

ERISA provides in relevant part, "A civil action may be brought--(1) by a participant or beneficiary-- . . . (B) to recover benefits due to him under the terms of his plan. . . ." 29 U.S.C. 1132(a)(1)(B).  The parties dispute what benefits are due under the Plan.[1]

Relying on the first portion of the Plan-- which states that "Out-of-Network Inpatient [Surgical Services are] Subject to Deductible and 60% Coinsurance" (Holzapfel Cert. Ex. A, p. 56)-- Dr. Shah first argues that he (as assignee of his patient) is due 60% of his charges under the Plan.  (Opposition Brief, Dkt. No. 57, p. 5)  This argument, however, is based on an incomplete reading of the Plan which ignores the defined terms. "Coinsurance" is defined as "[t]he percent applied to Covered

---

[1] The parties agree that an arbitrary and capricious standard of review applies to this claim.  (Moving Brief, Dkt No. 53-1, p. 7; Opposition Brief, Dkt No. 57, p. 12)  See Fleisher v. Standard Ins. Co., 679 F.3d 116, 121 (3d Cir. 2012).

6

Charges" (Holzapfel Cert. Ex. A, p. 31); "Covered Charges," in turn, is defined as "[t]he authorized charges, up to the Allowance, for Covered Services and Supplies" (id., p. 31-32); and finally, "Allowance" is defined, as relevant to this case, as "an amount determined by Horizon BCBSNJ as the least amount of the following . . . in the case of Out-of-Network Providers, the amount determined as 150% of the amount that would be reimbursed for the service or supply under Medicare." (Id., p. 27)

Thus, under the clear terms of the Plan as applied to Dr. Shah's claim at issue, "60% Coinsurance" means the present applied to the "authorized charges, up to the Allowance, for Covered Services," which in this case means a payment of "150% of the amount that would be reimbursed for the service or supply under Medicare." It is not, as Dr. Shah asserts, 60% of his charges. Therefore, Horizon's interpretation of the Plan was not arbitrary and capricious. See Fleisher v. Standard Ins. Co., 679 F.3d 116, 121 (3d Cir. 2012) ("An administrator's interpretation is not arbitrary if it is reasonably consistent with unambiguous plan language.").

In an attempt to avoid this conclusion, Dr. Shah attacks the "format" of the Plan as "unenforceable," asserting that it is a deliberate attempt to create a "secret 60% of 150 of

7

Medicare" rate of reimbursement. (Opposition Brief, p. 7)[2] This argument distorts the record; the Plan is neither, as Dr. Shah argues, "ambiguous," nor "misleading." (Id., p. 7, 9)[3] While

---

[2] Nowhere does Dr. Shah argue that the specific Medicare reimbursement amount for each covered service should be stated in the Plan, therefore any such theory of liability is now waived. See Laurie v. Nat'l Passenger R.R. Corp., 105 F. App'x 387, 392 (3d Cir. 2004). Indeed, Dr. Shah appears not to quarrel that such data is readily available. (See Opposition Brief, p. 10) ("Medicare rates are publically available on the website for the Centers for Medicare and Medicaid Services (CMS.gov).") What Dr. Shah argues, in essence, is that the Plan should be rewritten so that the patient knows that the Coinsurance rate for Out-of-Network providers is tied to "a cost-containment government program that in no way reflects market rates"-- i.e., Medicare-- and therefore will result in "only a fraction of the [Out-of-Network] provider's charges" being paid by Horizon. (Id. at p. 8) "What use then, were the patient's out-of-network benefits[,]" Dr. Shah inquires. (Id. at p. 9) The answer is in the Plan itself: "Your Horizon BCBSNJ POS Program provides you with the freedom to choose any Provider; however, your choice of Providers will determine how your benefits are paid. Benefits provided by In-Network Providers will be paid at a higher benefit level than benefits provided for an Out-of-Network Provider. You will be responsible for any Deductible, Coinsurance and Copayments that apply; however, if you use In-Network Providers, you will not have to file claims. In-Network Providers will accept our payment as payment in full. Out-of-Network Providers may balance bill to charges, and you will generally need to file claims to receive benefits." (Holzapfel Cert. Ex. A, p. 77)

[3] In support of this argument, Dr. Shah cites 29 U.S.C. § 1022, which provides that "[t]he summary plan description . . . shall be written in a manner calculated to be understood by the average plan participant, and shall be sufficiently accurate and comprehensive to reasonably apprise such participants and beneficiaries of their rights and obligations under the plan." To the extent Dr. Shah attempts to make an independent argument that Horizon has violated § 1022, the Court observes that Dr. Shah proposed this very claim in his motion to amend, which Magistrate Judge Williams denied without prejudice. [Dkt No. 47] Dr. Shah never filed another motion to amend. Therefore,

determining the correct payment due under the Plan requires a careful step-by-step reading of each defined term, such a reading is straightforward, and yields only one unambiguous answer: Dr. Shah is due 150% of the amount that would be reimbursed for the surgery under Medicare.

Alternatively, Dr. Shah argues that even applying this 150% of Medicare reimbursement rate, he has been underpaid by $16,595.78, based on calculations contained in a chart which appears on page 11 of his opposition brief. That chart, however, contains no citations to the administrative record, and indeed, appears to assume facts contrary to the administrative record. For example, the chart indicates that, for the service bearing the CPT Code 77003, Horizon should have paid $47.84,[4]

---

the record before the Court conclusively demonstrates that Dr. Shah does not assert a claim under § 1022, and any attempt to do so by a brief is impermissible. See Janowski v. City of N. Wildwood, 259 F. Supp. 3d 113, 130 (D.N.J. 2017)("Plaintiff cannot amend or supplement his pleadings through his opposition brief.") (citing Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988) ("the legal theories set forth in Pennsylvania's brief are helpful only to the extent that they find support in the allegations set forth in the complaint.")).

[4] Dr. Shah asserts-- without any support-- that $47.84 is 150% of the Medicare rate. Other than generally asserting that the Medicare rates are available on the Centers for Medicare and Medicaid Services website, Dr. Shah provides no citation to any specific source identifying the applicable Medicare rate in 2013, nor does he show his calculations which would demonstrate that the numbers contained in the chart are indeed 150% of that 2013 rate.

however, the administrative record indicates that Horizon determined 77003 to be ineligible for payment in any amount. (Holzapfel Cert. Exs F and J)

Thus, with respect to this alternative argument, the Court holds that Dr. Shah has not carried his summary judgment burden of demonstrating that Horizon's benefits determination was arbitrary and capricious. Horizon's Motion for Summary Judgment will be granted as to Count Two of the Complaint.[5]

**B. Count Three**

Asserting a breach of fiduciary duty claim, Dr. Shah seeks "equitable relief in the form of contract reformation." (Opposition Brief, p. 3) Specifically, Dr. Shah asks this Court to reform the Plan to provide reimbursement at 60% of Dr. Shah's charges, based on the argument that by creating an allegedly "deceptive and misleading" summary plan description, Horizon has

---

[5] If Dr. Shah is able to specifically point to evidence in the administrative record demonstrating that there has been an underpayment of benefits under the 150% of Medicare standard, he may timely file, pursuant to L. Civ. R. 7.1(i), a Motion for Reconsideration on this issue. The motion should address, among other issues, why such evidence was not brought to the Court's attention in opposition to the instant motion. See Briley v. Ortiz, No. CV 16-5571 (RMB), 2017 WL 5559729, at *2 (D.N.J. Nov. 17, 2017) ("The purpose of a motion for reconsideration is to present newly discovered evidence or to correct manifest errors of law or fact. . . . Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows . . . the availability of new evidence that was not available when the court granted the motion for summary judgment.").

breached its fiduciary duty.  (Opposition Brief, Dkt No. 57, p. 13)[6]

While the Court does not agree with Horizon's assertion that the fiduciary duty claim is entirely duplicative of the denial of benefits claim, there is substantial, material overlap when it comes to Dr. Shah's theory of liability supporting both claims.  Both claims are grounded on the premise that Horizon's Plan is drafted in such an allegedly overly-complicated manner as to render it misleading to the average plan participant.  According to Dr. Shah, this fundamental flaw gives rise to both a wrongful denial of benefits claim and a breach of fiduciary duty claim.  Dr. Shah's argument fails, however, because the Court rejects the premise: as stated above, the applicable Plan, as written, is not misleading; while determining the correct payment due under the Plan requires a careful step-by-step reading of each defined term, such a reading is not an onerous one, but rather is straightforward, and yields only one unambiguous answer.

---

[6] Dr. Shah asserts that "this cause of action does not implicate the 'arbitrary and capricious' standard [because] Plaintiff is merely alleging that the plan's terms [as written, as opposed to their interpretation by Horizon] violate ERISA." (Opposition Brief, Dkt No. 57, p. 3)  Horizon does not address this argument.  The Court need not decide the appropriate standard of review, however, because applying either an arbitrary and capricious standard or a de novo standard the result is the same.

11

Dr. Shah asserts that reading the Plan at issue here requires "'a Russian-nesting-doll-like inquiry,'" quoting Judge Arleo's opinion in University Spine Center v. Horizon Blue Cross Blue Shield of New Jersey, 2017 WL 3610486 at *3 (D.N.J. 2017). University Spine, however, is factually and procedurally distinguishable. In that case, Judge Arleo explained that when the reader reaches the end of the "multi-step inquiry," "there is still no clear answer as to what constitutes an Eligible Charge" because the Plan's language, (1) referenced criteria "outside the four corners of the [p]lan", and (2) stated that the criteria "was subject to change 'from time to time.'" Id. at *3. No such deficiencies exist as to the Plan language at issue in this case. The Allowance provision hones in on the Out-of-Network Provider, which Dr. Shah undisputedly was. Horizon will pay the least of the amounts set forth in the Allowance section, and the patient remains responsible for 60% of that amount. A Plan that requires a careful reading is not, without more, inherently deceptive or misleading. As explained, no ambiguity resides at the end of the three-step inquiry at issue here.

Moreover, University Spine addressed an anti-assignment clause in the context of a Motion to Dismiss, holding, "[a]t this early procedural stage, the Court simply cannot conclude that the anti-assignment clause is unambiguous as a matter of

12

law, and thus will not dismiss due to lack of standing at this time." Id.

Accordingly, Horizon's Motion for Summary Judgment will be granted as to Count Three of the Complaint.

**IV. CONCLUSION**

For the foregoing reasons, Horizon's Motion for Summary Judgment will be granted. An appropriate Order shall issue on this date.

                                                                     s/ Renée Marie Bumb

Dated: February 9, 2018                               
                                               RENÉE MARIE BUMB
                                               UNITED STATES DISTRICT JUDGE