[Docket No. 65]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| RAHUL SHAH, MD, on assignment of Marjorie M., <br><br>  Plaintiff, <br><br> v. <br><br> HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, <br><br>  Defendant. | Civil No. 15-8590 (RMB/KMW) <br><br> **OPINION** |

APPEARANCES:

Samuel S. Saltman
Michael Gottlieb
Callagy Law PC
650 From Road
Suite 565
Paramus, NJ 07652
   *Attorneys for Plaintiff*

Michael E. Holzapfel
Becker LLC
Revmont Park North
1151 Broad Street, Suite 112
Shrewsbury, NJ 07702
   *Attorney for Defendant*


**BUMB**, UNITED STATES DISTRICT JUDGE:

   This is one of seventeen ERISA suits filed in this District wherein Plaintiff Dr. Rahul Shah ("Dr. Shah"), as assignee of his patients, has sought to recover additional health insurance payments allegedly due under each patient's health insurance

1

plan.  The Court previously granted summary judgment to Defendant, Horizon Blue Cross Blue Shield of New Jersey ("Horizon"), see Shah v. Horizon Blue Cross Blue Shield of New Jersey, 2018 WL 801584 (D.N.J. Feb. 9, 2018).  Horizon, as the successful party in this suit, presently moves for an award of attorney's fees pursuant to Fed. R. Civ. P. 54 and 29 U.S.C. § 1132(g)(1).  For the reasons stated herein, the Court denies the motion but expects that, in light of several adverse decisions from Courts within this District, Plaintiff will not continue his pattern of filing very similar complaints.

**I.    RELEVANT FACTS AND PROCEDURAL HISTORY**

The facts and procedural history of this suit are fully set forth in the Court's Opinions adjudicating Horizon's Motion to Dismiss, Shah v. Horizon Blue Cross Blue Shield of New Jersey, 2016 WL 4499551 (D.N.J. Aug. 25, 2016), and Horizon's Motion for Summary Judgment, Shah v. Horizon Blue Cross Blue Shield of New Jersey, 2018 WL 801584 (D.N.J. Feb. 9, 2018).

**II.   LEGAL STANDARD**

"A claim for attorney's fees and related nontaxable expenses must be made by motion[.]"  Fed. R. Civ. 54(d)(2)(A). Fee shifting is available in this ERISA case pursuant to 29 U.S.C. § 1132(g)(1), which provides, "[i]n any action under this subchapter . . . by a participant, beneficiary, or fiduciary,

2

the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."

When a "party has achieved success on the merits[1], . . . the district court [has] discretion as to whether to award fees in light of the familiar Ursic factors, which include:

> (1) the offending parties' culpability or bad faith;
>
> (2) the ability of the offending parties to satisfy an award of attorneys' fees;
>
> (3) the deterrent effect of an award of attorneys' fees against the offending parties;
>
> (4) the benefit conferred on members of the [ERISA] plan as a whole; and
>
> (5) the relative merits of the parties' positions."

Perelman v. Perelman, 793 F.3d 368, 377 (3d Cir. 2015) (citing Ursic v. Bethlehem Mines, 719 F.2d 670, 673 (3d Cir. 1983)). "[T]he Ursic factors are not requirements in the sense that a party must demonstrate all of them in order to warrant an award of attorney's fees, but rather they are elements a court must consider in exercising its discretion." Fields v. Thompson Printing Co., 363 F.3d 259, 275 (3d Cir. 2004). Further, the Court's consideration of the Ursic factors will differ, to some extent, depending on whether the party seeking fees is a

---

[1] It is undisputed that Horizon has achieved some success on the merits.

3

plaintiff-employee or a defendant-ERISA plan. Cf. Dorn's Transp., Inc. v. Teamsters Pension Trust Fund of Phila. and Vicinity, 799 F.2d 45, 49 (3d Cir. 1986) (citing Marquardt v. N. Am. Car Corp., 652 F.2d 715, 719–20 (7th Cir. 1981) ("Although the five factors used as guidelines . . . do not explicitly differentiate between plaintiffs and defendants, consideration of these factors will seldom dictate an assessment of attorneys' fees against ERISA plaintiffs.")).[2]

## III. ANALYSIS

The Court considers each Ursic factor in turn.

### (A) Plaintiff's "culpability or bad faith"

"The first Ursic factor favors an award . . . not only in cases involving 'bad faith' but in other cases as well. . . . [B]ad faith normally connotes an ulterior motive or sinister purpose. . . . A losing party may be culpable, however, without having acted with an ulterior motive. In a civil context, culpable conduct is commonly understood to mean conduct that is blameable; censurable; ... at fault; involving the breach of a legal duty or the commission of a fault. . . . Such conduct

---

[2] Compare, Toussaint v. JJ Weiser, Inc., 648 F.3d 108, 111 (2d Cir. 2011) ("the five factors very frequently suggest that attorney's fees should not be charged against ERISA plaintiffs. This . . . is necessary to prevent the chilling of suits brought in good faith."); Tingey v. Pixley-Richards W., Inc., 958 F.2d 908, 909 (9th Cir. 1992) ("the . . . factors very frequently suggest that attorney's fees should not be charged against ERISA plaintiffs.").

4

normally involves something more than simple negligence." McPherson v. Employees' Pension Plan of Am. Re-Ins. Co., 33 F.3d 253, 256-57 (3d Cir. 1994). Importantly, "[a] party is not culpable merely because it has taken a position that did not prevail in litigation." Id. at 257.

In support of this factor, Horizon argues that "Plaintiff is a habitual litigant who routinely files the same canned complaint. . . . In barely two years, Plaintiff has filed seventeen lawsuits against Horizon and/or other Blue Cross Blue Shield Association licensees." (Moving Brief, p. 8)  Horizon's argument, however, is made with the benefit of hindsight. This particular case was the first of the 17 to be filed. Thus, the complaint *in this case* cannot be characterized as "canned", insofar as it could not have been copied from earlier, similar complaints that Plaintiff filed.³

Even so, as Plaintiff correctly observes, all 17 of the cases he filed arose out of "the very same or similar circumstances." (Opposition Brief, p. 10)  Thus, substantial similarity among complaints is-- to some extent-- to be expected, until at least there have been adjudications on the merits of the claims asserted in the complaints. As such, the

---

³ That is not to say, however, that the subsequently filed complaints were not "canned."

5

Court does not find culpability within the context of this specific case.[4]

Accordingly, this factor does not weigh in favor of a fee award in the above-captioned case.

**(B) Plaintiff's ability to satisfy a fee award**

Plaintiff does not assert that he is unable to satisfy a fee award; his opposition brief only disputes Ursic factors 1 and 3 through 5.

**(C) Deterrent effect on Plaintiff of a fee award**

Horizon's argument with regard to this factor is premised on its assertion that "Plaintiff filed this [canned complaint] with no aforethought." (Moving Brief, p. 10) According to Horizon, "Plaintiff's opportunistic, rote approach to litigation should be deterred." (Reply Brief, p. 13) As discussed above, however, the Court does not find that Plaintiff has acted culpably in this case.

Further, Horizon's prediction that "[a]bsent some deterrent, this Court . . . can only expect to see more of these same complaints in the future" (Moving Brief, p. 11), may be needless worry. Plaintiff's most recent such complaint was

---

[4] The instant case is distinguishable from University Spine Center v. Horizon Blue Cross Blue Shield of New Jersey, No. 16-CV-8021 (SDW)(LDW), 2018 WL 2134060, at *2 (D.N.J. May 9, 2018), which Horizon cites. In University Spine, the plaintiff had filed "nearly seventy suits." Id.

6

filed 18 months ago. Indeed, after Plaintiff received this Court's ruling on Horizon's Motion to Dismiss, Plaintiff filed no additional complaints.[5] Thus, the record before this Court does not support a finding that Plaintiff indiscriminately files the same, or substantially the same, complaints without regard for whether there is a legal basis for doing so. Rather, it would appear that Plaintiff has "gotten the message" from the various Courts within the District that have now dismissed his claims[6], and this Court would expect that Plaintiff's future

---

[5] As the Court's own records, and Exhibit A to the Holzapfel Certification, reflect, the first three cases filed were: (1) this case; (2) Shah on assignment of Karyn G., 16-cv-2397 (NLH); and (3) Shah on assignment of Vickie S., 16-cv-2413 (RBK). This Court granted in part Horizon's Motion to Dismiss on August 25, 2016. In Karyn G., Judge Hillman dismissed the case for improper venue on March 30, 2017. Judge Kugler granted Horizon's Motion to Dismiss in Vickie S. on May 17, 2017. Plaintiff filed the last of his 17 complaints on February 6, 2017. In other words, at the time Plaintiff filed the 17th complaint, the only ruling that had been issued was this Court's decision granting in part and denying in part Horizon's Motion to Dismiss.

[6] In addition to the three cases already discussed, several other Courts within the District have granted dismissal or summary judgment in subsequently filed cases. See Shah on assignment of Joanne G., 16-cv-2528 (NLH), motion for summary judgment granted; Shah on assignment of Monica M., 16-cv-5946 (NLH), motion for summary judgment granted; Shah on assignment of William D., 16-cv-9011 (RBK), motion to dismiss granted; Shah on assignment of Jason W., 16-cv-9405 (RBK), motion to dismiss granted; Shah on assignment of Edward H., 17-cv-166 (NLH), motion for summary judgment granted; Shah on assignment of Mary A., 17-cv-632 (NLH), motion for summary judgment granted; Shah on assignment of Christopher H., 17-cv-700 (JBS), motion to dismiss granted; Shah on assignment of Sheila H., 17-cv-711 (NLH), motion for summary judgment granted.

7

conduct will reflect a continuing understanding of the Courts' message.

Accordingly, the Court finds that Horizon has failed to demonstrate that deterrence, in the form of an award of attorney's fees, is necessary in <u>this</u> case, as opposed to any later-filed cases.

**(D) Benefit conferred on members of the ERISA plan as a whole**

Horizon admits that the Plan at issue is "fully-insured, as opposed to self-funded . . . which means that the costs associated with defending this particular lawsuit were borne by Horizon" rather than "the employer's capital" (Moving Brief, p. 11). While Horizon argues that "*an award of fees* would benefit enrollees of fully-insured plans" (Id.; emphasis added), this argument misstates the legal standard. The relevant inquiry is whether Horizon's success on the merits of the litigation conferred a benefit on the plan. See <u>McPherson</u>, 33 F.3d at 256 ("The fourth [<u>Ursic</u>] factor requires consideration of the benefit, if any, that is conferred on others *by the court's judgment.*") (emphasis added). Horizon makes no argument that it has conferred such a benefit.[7] Accordingly, this factor does not weigh in favor of a fee award.

---

[7] To the extent Horizon suggests that its successful summary judgment motion avoided costs which might have been passed on "to the ultimate consumer in the form of . . . higher

**(E) Relative merits of the parties' positions**

Lastly, Horizon argues that Plaintiff's claims in this suit lacked a "good faith basis." (Moving Brief, p. 8) It is undisputed that this Court ultimately found all of Plaintiff's claims meritless, but, of course, meritless is not tantamount to lacking a good faith basis for asserting claims. "As with the first Ursic factor, the fact that the [Plaintiff's] positions have not been sustained does not alone put the fifth factor in the column favoring an award." McPherson, 33 F.3d at 258.

As evidenced by this Court's opinions adjudicating both Horizon's Motion to Dismiss and Motion for Summary Judgment, the Court is fully familiar with the claims and legal issues in this suit. While the Court has concluded Plaintiff's claims in this case ultimately lack merit, the Court does not conclude that Plaintiff lacked a good faith basis for asserting such claims in the first place. In particular, as already discussed, the above-captioned suit was the first-filed of the 17 suits at issue. Thus, at the time the complaint in this case was filed, Plaintiff did not have the guidance of the subsequent unfavorable decisions that have since issued from various judges within this District. He does now, and it would appear that he has acted accordingly.

---

premiums," (Moving Brief, p. 11), the Court finds this argument speculative.

9

Thus, this factor does not weigh in favor of a fee award.

**IV. CONCLUSION**

The Court has considered and weighed all five <u>Ursic</u> factors, and for the foregoing reasons, Horizon's Motion for Attorney's Fees in this case will be denied. An appropriate Order shall issue on this date.

Dated: <u>September 13, 2018</u>

s/ Renée Marie Bumb
_____
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE